UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FELIPE SAUCEDA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-397 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is "Defendant's Motion for Judgment Based on the Pleadings" (D.E. 5).  Defendant, Select Portfolio Servicing, Inc. (SPS), claims that it is entitled to dismissal of this mortgage-related case under Fed. R. Civ. P. 12(c) because Plaintiff's pleadings fail to state a viable cause of action.  For the reasons set out below, the Motion is GRANTED.

## FACTS

According to Plaintiff, he defaulted on his mortgage payments.  Thereafter, he sought a loan modification from Bank of America (BOA), which was servicing the loan at the time.  Plaintiff undertook to satisfy all of BOA's requirements for modification, including making reduced monthly loan payments in the amount stated in the loan modification offer and submitting other unspecified documents.  Before BOA made a final decision on modification, SPS became the mortgage servicer and SPS started the loan modification process over again.  Plaintiff again sought to satisfy all of SPS's

requirements by continuing to make reduced monthly mortgage payments at the stated amount and submitting additional unspecified documents.

Ultimately, SPS refused to enter into a loan modification agreement with Plaintiff. According to the loan's original terms, Plaintiff was in default and SPS prepared to foreclose the lien on Plaintiff's home at a sale scheduled for December 4, 2013.  On December 2, 2013, Plaintiff filed this action in the 148th Judicial District Court, Nueces County, Texas, alleging breach of contract and fraud causes of action, along with requesting a temporary restraining order (TRO) to prevent the foreclosure from taking place.  The state judge signed the TRO on December 2, 2013.

According to the state court records, it appears that the TRO was not served on SPS until December 13, 2013.  In the meantime, SPS proceeded with the December 4, 2013 foreclosure and now seeks to evict Plaintiff from the property.  SPS has removed the case to this Court pursuant to diversity jurisdiction.

## DISCUSSION

### A.  Standard of Review

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is considered under the same standards as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  *See e.g.*, *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Furthermore, "Pleadings must be construed so as to do justice."  Rule 8(e).  The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  Those factual allegations must then be taken as true, even if doubtful.  *Id*.  In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible.  *Id*., 550 U.S. at 557.  The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."  556 U.S. at 681.

Under Fed. R. Civ. P. 9(b), allegations of fraud must be stated with particularity. The Fifth Circuit has expressed this rule as requiring, at a minimum, that a plaintiff set

forth the "who, what, when, where, and how" of the alleged fraud. *United States ex. rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). "The frequently stated, judicially-created standard for a sufficient fraud complaint . . . instructs a plaintiff to plead the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (internal quotation marks and alteration omitted). Even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief. *Thompson, supra.*

## B.  Breach of Contract

Plaintiff asserts that there are two contracts involved in this case. The first is the BOA Trial Period Plan (BOA Plan), allegedly binding on SPS due to the manner in which the loan servicing was transferred from BOA to SPS. The BOA Plan (attached to Plaintiff's response as D.E. 13-1)[1] required Plaintiff to make reduced monthly payments in the amount of $1,213.45 for three months and "continue to meet all of the eligibility requirements of [the] modification program." In exchange, BOA agreed that it would not conduct a foreclosure sale during the time that the loan modification was under consideration. Otherwise, the BOA Plan states that all of the terms of the original loan

---

[1]   The first page of this plan was attached to Plaintiff's Original Petition (D.E. 1-3). Under Rules 12(b)(6) and 12(c), a court may consider all documents attached to or referenced in the pleading. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

remain in effect unless and until a final loan modification agreement is signed by both parties.

Nothing in the plan specifies the nature of the eligibility requirements that are in addition to making the reduced monthly payments. Plaintiff has not directed the Court to any source for determining those eligibility requirements. Instead, Plaintiff appears to assume that the only other eligibility requirements at issue involved providing the documentation requested by BOA or SPS, which Plaintiff claims to have done. Additionally, the BOA Plan is silent with respect to what the modified loan terms would be, if a modification were approved.

The first question is whether, according to Texas law, Plaintiff has pled the existence of a contract to modify his mortgage loan, which SPS is alleged to have breached.

> To bring a successful breach of contract claim in Texas, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc*., 564 F.3d 386, 418 (5th Cir. 2009). A valid contract requires (1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, (5) execution and delivery of the contract with the intent that it be mutual and binding, and (6) consideration. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 278 (Tex. App.– Houston [14th Dist.] 2000, no pet.). The essential terms must be defined "with sufficient precision to enable the court to determine the obligations of the parties." *New Process Steel, L.P. v. Sharp Freight Sys*., No. 01–04–00764–CV, 2006 WL 947764, at *3 (Tex. App.—Houston [1st Dist.] Apr. 13, 2006, no pet.). Furthermore, a meeting of the minds refers to a mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract. *See*

> *Parker Drilling Co. v. Romfor Supply Co*., 316 S.W.3d 68, 75
> (Tex. App.—Houston [14[th] Dist.] 2010, pet. denied).

*Mack v. John L. Wortham & Son, L.P*., 541 Fed. App'x. 348, 362 (5th Cir. 2013) (*per curiam*).   Whether a contract has been formed is a question of law for the Court.   *E.g*., *Scaife v. Associated Air Ctr. Inc*., 100 F.3d 406, 410 (5th Cir. 1996) (citing *S&A Marinas, Inc. v. Leonard Marine Corp*., 875 S.W.2d 766, 769 (1994)).

According to the facts presented with Plaintiff's allegations, the only agreement formed by the BOA Plan was that, if Plaintiff made the reduced monthly payments, BOA would not foreclose the lien while it decided whether to allow a modification.   Once BOA (or its successor) declined the modification, the right to foreclose was revived according to the terms of the original loan, which remained in effect at all times.   Nothing in the BOA Plan established the remaining criteria for modification and, therefore, there was no contract agreement to modify the loan.   The breach of contract claim based upon the terms of the BOA Plan must fail as a matter of law.

The second contract on which Plaintiff relies is the SPS Trial Period Plan (SPS Plan), effective March 1, 2013, which required reduced monthly payments in the amount of $733.47.   While Plaintiff's response suggests that the SPS Plan is attached as "exhibit 2," the second attachment is actually a letter from SPS dated November 27, 2012, and does not address any plan for modification of the loan.   It is nothing more than notice that SPS is the new servicer of the loan.   Any breach of contract claim based upon the terms of an SPS Plan must fail as a matter of law for failure to plead the existence and terms of a contract to modify the loan.

The Court GRANTS the motion to dismiss with respect to Plaintiff's breach of contract claim.

### C. Breach of Duty of Good Faith and Fair Dealing

The duty of good faith and fair dealing is a duty that may be imposed by statute or by the common law. Plaintiff alleges that such a duty arises through the HAMP program or through the alleged contracts. The HAMP program is not statutory. It is an official program of the United States Departments of the Treasury & Housing and Urban Development to provide relief to certain homeowners through a program that is largely voluntary and discretionary. *See generally*, http://www.makinghomeaffordable.gov. Plaintiff conceded in his response that HAMP does not guarantee the right to a loan modification and does not create a private right of action. D.E. 13, p. 4. There is no statutory or administrative duty of good faith and fair dealing owed to Plaintiff.

A common-law duty of good faith and fair dealing does not exist in all contractual relationships. *See Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995). Instead, the duty arises only when a contract creates or governs a special relationship between the parties. *See Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) (imposing the duty on general insurance carriers in favor of the insured). The duty of good faith and fair dealing does not apply to the mortgage banking relationship. *See e.g.*, *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990). While the failure to plead a valid contract is fatal to the application of the extra-contractual common law duty of good faith and fair dealing, the duty would not apply to this particular relationship even if a contract were in place. The Court GRANTS the

motion to dismiss with respect to the claim for breach of the duty of good faith and fair dealing.

### D. Fraud and Fraud in the Inducement

A claim for fraud requires pleading that the defendant made a material representation that was false or a false promise of future performance with an intention, at the time the promise was made, not to perform. *See, e.g.*, *Exxon Corp. v. Emerald Oil & Gas Co*., 348 S.W.3d 194, 217 (Tex. 2011); *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011); *Aquaplex, Inc. v. Rancho La Valencia, Inc*., 297 S.W.3d 768, 774 (Tex. 2009). For a claim of fraud in the inducement, the defendant usually must expect that, based upon the false representations, the plaintiff will enter into a binding agreement. *See, e.g.*, *Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

Plaintiff suggests that SPS (as well as BOA) induced him to enter into the mortgage modification program with no intention of ultimately offering any modification to any of the terms. Plaintiff's pleadings do not meet the fraud pleading requirements of Fed. R. Civ. P. 9(b) and *Twombly/Iqbal*, as set out above. The allegations do not provide any factual basis, stated with particularity, to show a false representation of fact. There is no "who, what, when, where, and how" of any fraud in the pleadings. Even if made "on information and belief," Plaintiff has failed to supply the factual basis for that belief, as required. *Thompson, supra*. While Plaintiff suggests that discovery may reveal a factual basis for his fraud claims—and even a wide-ranging conspiracy among lenders to defraud

many mortgagors—that speculation is not sufficient to get past a motion to dismiss, which is required before Plaintiff is entitled to that discovery. *See Twombly*.

Any factual basis for Plaintiff's fraud claim would have to be found in the BOA Plan or SPS Plan. The only Plan terms available to the Court are those of the BOA Plan. In that offer to place Plaintiff in the loan modification program, there are a number of disclaimers indicating that the original loan terms remain in place unless and until a modification is executed and that Plaintiff would have to satisfy all of the requirements for modification, some of which are not disclosed in the BOA Plan document and are not supplied by other allegations. According to the facts in the pleading, SPS promised to consider Plaintiff's application for a modification. SPS did not promise that a modification would be forthcoming, SPS did not promise any particular terms of a possible modification, and SPS did not set out fixed terms that both parties would agree to and could expect.

Moreover, the BOA Plan was voluntary and not binding. Plaintiff could withdraw from the program at any time. From all of the facts revealed in Plaintiff's pleading, SPS—at best—promised (on the basis of the BOA Plan) that it would not foreclose the lien on Plaintiff's home for three months while it considered a modification, so long as Plaintiff continued to make reduced payments. From all indications, Plaintiff received the benefit of that promise of forbearance. There was no promise to actually modify the terms of the mortgage loan in the factual allegations or the documents that the Court is permitted to consider.

The Court GRANTS the motion to dismiss with respect to the claims of fraud and fraudulent inducement.

**E. Injunctive Relief**

If Plaintiff has not pled a viable cause of action, he is not entitled to injunctive relief.  *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).  The Court GRANTS the motion to dismiss with respect to the claim for injunctive relief.

**CONCLUSION**

For the reasons set out above, the Court GRANTS Defendant's motion to dismiss (D.E. 5) and dismisses all of Plaintiff's claims against Defendant.

ORDERED this 25th day of March, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE